METROPOLITAN INVESTMENT COMPANY, Respondent, vs. CITY
OF MILWAUKEE and another, Appellants.

*February 14—March 13, 1917.*

*Waters: Riparian ownership on river: Public easement opposite
street end: Boundaries: Prescriptive rights: Extent: Bridges:
Condemnation of land.*

1. The riparian owner on a stream which is not a state boundary
   line takes to the center of the stream, subject to the rights of
   the public to use the stream, and the boundaries of the riparian
   lot are to be produced to the center of the stream at right angles
   with the center line.
2. The boundaries of the public easement over the stream opposite a
   street end are determined in the same manner; and a bridge
   extending beyond such boundaries and encroaching upon the
   submerged land of an adjacent riparian owner cannot be built
   by a city without first condemning the land.
3. No right acquired by prescriptive use exceeds the extent of the
   use.    Hence a prescriptive right acquired by a city, by the
   maintenance of a swing bridge over a river, to use certain space
   above the water for the swing of the bridge, carried no right to
   build a permanent structure on that part of a riparian owner's
   submerged land which is under the arc of the swing.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This is an action in equity by a riparian owner to enjoin the erection of a new bridge across Milwaukee river because it is alleged that thereby the plaintiff's river frontage will be injured and its submerged land in the river bed be trespassed upon. The situation will be more easily understood by reference to the accompanying diagram. As will be seen, the

Old bridge in dotted lines.
Proposed bridge in solid lines.
Circle shows swing of old bridge.

Milwaukee river at the point in question runs straight north and south; it begins to curve toward the east at the south line of State street. Plaintiff's lots are on the north side of State street and run to the west bank of the river. Mar-

tin street as traveled and improved for more than forty years lies to the north of State street, so that any bridge connecting the two streets must cross the river diagonally.    Martin street as originally platted reached the east side of the river directly opposite the end of State street.    There was a bayou at this point which was filled by property owners about the year 1859, and about the year 1871 the north eighty feet of the present street indicated on the diagram was opened up by voluntary action of property owners and called Martin street, since which time the originally platted end of Martin street has not been used as a highway but as private property.    In 1871 the city constructed a swing bridge across the river, connecting State street and the new Martin street, which has remained in use up to the present time, and its location is indicated by the dotted lines upon the diagram.    In 1876 the county board of supervisors of Milwaukee county by resolution attempted to vacate the end of Martin street as originally laid out.    In the revised charter of Milwaukee passed in 1874 (ch. 184, Laws 1874) the city was required to "maintain and support" a number of existing swing bridges over the river, and among them was the bridge "from Martin street in the Seventh ward to State street in the Second ward."    A larger bridge is needed to accommodate public travel, and proceedings looking towards its construction were commenced in 1912.    A bond issue of $150,000 for the purpose was voted in November of that year and the bonds have been sold.    Proceedings to widen Martin street by condemning twenty feet along the south side thereof have been taken. In 1915 a plan calling for a two-leaf bascule bridge covering the space included within the solid lines in the diagram was adopted by the common council, and this is the structure whose erection is sought to be enjoined.    If built, the long central pier lengthwise of the river, indicated in the diagram, will be removed, and there will be a single ninety-foot draw near the east side of the river, the distance from the east end of State street to the draw being 136 feet and from the west

end of Martin street to the draw being 58 feet. Rows of protection piling on the north and south sides of the approaches to the draw are to be put in as indicated on the diagram. The circuit court found that by the building of the bridge a substantial part of the plaintiff's property in the bed of the river in front of plaintiff's shore line would be taken by the city and that the value of plaintiff's property for wharfage purposes would be materially interfered with. From these premises the court concluded that the plaintiff was entitled to have the building of the bridge enjoined until that portion of plaintiff's property necessary to be taken has been condemned. Judgment being entered in accordance with this finding the city appeals.

For the appellants there was a brief by *Clifton Williams,* city attorney, and *Mark A. Kline,* assistant city attorney, and oral argument by *Mr. Kline.*

For the respondent there was a brief by *Fredk. W. v. Cotzhausen,* attorney, and *F. P. Hopkins,* of counsel, both of Milwaukee, and oral argument by *Mr. Hopkins.*

WINSLOW, C. J.   It is settled in this state that a riparian owner on a stream (not a state boundary line) takes to the center of the stream, subject to the rights of the public to use the stream, and that the boundaries of the riparian lot are to be produced to the center of the stream at right angles with the center line.   *Farris v. Bentley,* 141 Wis. 671, 124 N. W. 1003.   The boundaries of the public easement opposite a street end are determined in the same manner.   *Superior v. Northwestern F. Co.* 164 Wis. 631, 161 N. W. 9.

These principles determine the present controversy and compel affirmance of the judgment.   Milwaukee river runs practically north and south opposite the plaintiff's property and for some distance to the northward: therefore the south boundary of plaintiff's property (which constitutes the north line of State street) runs almost, if not directly, east to the center of the river.   The bridge as proposed to be built en-

croaches upon the plaintiff's submerged land considerably. It follows that the city must condemn such land before it can build its bridge.

The fact that the city has maintained a swing bridge here for forty years and that part of the river bed now to be permanently occupied is directly under the arc made by the swing of the bridge when in use cuts no figure. No right acquired by prescriptive use exceeds the extent of the use. *Chippewa & F. Imp. Co. v. Railroad Comm.* 164 Wis. 105, 159 N. W. 739. The city may have acquired a right to use the space above the water for the swing of a swing bridge, but this carries no right to build a permanent structure on that part of the bed now under the arc of the swing.

We see no reason to doubt that the city has a right (subject to preliminary condemnation of the river bed as before stated) to connect State street and Martin street as now opened and traveled with a bridge. Martin street as originally platted between River street (now Edison street) and the river has apparently ceased to exist by nonuser.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., took no part.